## The State of Kansas v. Ralph Bain.

NUISANCE — *Description of Place — Variance, Not Fatal.* The defendant was charged in a criminal action with keeping and maintaining a common nuisance "in a building known and designated as house No. 116 North Water street, in the city of Wichita, Sedgwick county, Kansas." The house or building in which the nuisance was kept and maintained answered to the above description in every particular, except that it had two numbers, one 116, and the other 118. There was a partition between the two parts of the house, but there were doors in the partition leading from one part of the house into the other, and the two parts were occupied and used by the defendant as one house or one building. The principal entrance to the house was into that part numbered 116, but the nuisance was actually kept and maintained in the other part, numbered 118. *Held,* That the variance between the charge and the proof was not fatal, and the verdict of the jury finding that the defendant was "guilty of keeping and maintaining a common nuisance as charged," and a judgment of the trial court in accordance with such verdict, may be sustained.

*Appeal from Sedgwick Court of Common Pleas.*

THE case is stated in the opinion. From a conviction at the November term, 1889, the defendant *Bain* appeals.

*Martin & Eckstein*, for appellant.

*L. B. Kellogg*, attorney general, for The State.

The opinion of the court was delivered by

VALENTINE, J.: This is a criminal prosecution upon information filed in the common pleas court of Sedgwick county, in which the defendants Ralph Bain and Henry Billman were charged with keeping and maintaining a common nuisance by keeping for sale and selling and permitting persons to resort for the purpose of drinking intoxicating liquors "in a building known and designated as house number 116, North Water street, in the city of Wichita, Sedgwick county, Kansas," in violation of § 13 of the prohibitory liquor law, as amended by § 4 of chapter 165 of the Laws of 1887. (Gen. Stat. of 1889, ¶ 2533.) The defendants were found guilty, and the defendant Bain was sentenced to pay a fine of $300, and to be imprisoned in the county jail of Sedgwick county for sixty days; and he alone appeals to this court.

It appears from the evidence that the defendants occupied and used a certain frame house or building on the east side of North Water street, in the city of Wichita, which was numbered both 116 and 118. The south part was numbered 116, and the north part 118. Immediately south of the building is an alley, and immediately north of it is a vacant lot. The north part of the building was removed from another part of the city and placed where it now stands; and the south part was afterward built as an addition to the north part. There is a partition between the two parts, but there are doors in this partition leading from one part of the house into the other, and the two parts are occupied and used as one house or one building. The portion in which the intoxicating liquors were kept and sold was the back room of the north part, or, in other words, it was the back room of that part which was numbered 118; and the only question now presented is, whether the defendant, Bain, could be found guilty upon these facts and under the charge in the information. In other words, does the evidence prove the offense charged? It does not appear that any intoxicating liquor was kept for sale or sold in that part of the building numbered 116. But in

order to pass from the front of the building to the place where the liquors were kept for sale and sold, it was necessary to enter the door of that part numbered 116, as the front door of that part numbered 118 was kept closed and locked. The court below gave to the jury, among others, the following instructions:

"In order to sustain a conviction in this case it is incumbent upon the state to show beyond a reasonable doubt that the defendants at the time of the filing of the information in this case, were the keepers, owners or proprietors of the kind of place as described in the information herein.

"The court further instructs you that in order to convict the defendants of the offense charged in the information, there must be evidence that satisfies you beyond a reasonable doubt that the place described in the information is a place owned or kept by the defendants for the prohibited purpose mentioned in the information.

"Before the defendants can be convicted of this charge, the state must prove beyond a reasonable doubt that the defendants were the keepers or owners of the particular place described in the information.

"If you find from the evidence in the case that the building referred to in the evidence in this case is one building and the rooms in said building connected by doors, and that said building at the time of the commission of the offense charged in the information in this case was occupied and controlled by these defendants, or either of them, then said building will be considered by you as one building, although different numbers were placed over the front doors of said building.

"In determining whether part of the building in question was numbered 116 and another part 118, you may consider the fact that there are two separate numbers on said building in determining whether they have been treated and known as two separate buildings."

The jury rendered a general verdict, which, omitting title and signature, reads as follows:

"We, the jury impaneled in the above-entitled cause, do upon our oaths find the defendants, Henry Billman and Ralph Bain, guilty of keeping and maintaining a common nuisance, as charged in the information."

It will be seen from the foregoing instructions of the court

and the verdict of the jury, that it was the opinion of the court below and the jury that the building in question was one building, one house, and although it was numbered both 116 and 118, and the nuisance was carried on and maintained only in that part of the building or house which was numbered 118, yet that the description of the building or house as set out in the information, when taken all together, is not such a fatal misdescription of the place where the nuisance was kept and maintained as to render the information bad. In other words, it was thought in the court below that there was no fatal variance between the allegations contained in the information and the proof introduced on the trial. We cannot say that the court below or the jury erred.

The judgment of the court below will be affirmed.

All the Justices concurring.